## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CARRIE BREEDEN, ET AL.,

        **Plaintiffs,**

v.

ANTHONY ORTIZ, ET AL.,

        **Defendants.**

**Case No. 13-2227-DDC-KMH**

## MEMORANDUM AND ORDER

Plaintiffs filed their Complaint in this case on May 16, 2014 (Doc. 1).  No summons was issued at the time plaintiffs filed the Complaint, and the docket reflects that plaintiffs have not served defendants with summons and the Complaint as required by Fed. R. Civ. P. 4(m).

On September 16, 2014, Judge Humphreys issued a Notice and Order to Show Cause (Doc. 3) ordering plaintiffs to show cause in writing to the Court, on or before September 26, 2014, why the Court should not dismiss this case with prejudice for lack of prosecution under Fed. R. Civ. P. 41(b).  Because plaintiffs' counsel have registered to participate in the Court's electronic filing system, they received service of Judge Humphreys' Order by electronic notice that same day.  *See* D. Kan. Rule 5.4.9(a).  Plaintiffs did not respond to the Court's Order.

Under Fed. R. Civ. P. 41(b) and D. Kan. Rule 41.1, the Court may dismiss an action where a party fails to prosecute or comply with the Court's orders and rules.  Unless the court states otherwise, a Rule 41(b) dismissal is equivalent to an adjudication on the merits and is with prejudice, meaning that a plaintiff cannot re-file his claims.  Fed. R. Civ. P. 41(b); *see also* D. Kan. Rule 41.1 ("The dismissal will be with prejudice unless the court otherwise specifies.").

The Tenth Circuit has explained that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Such sanctions may include dismissal of a party's case with prejudice. *Id.* But "dismissal or other final disposition of a party's claim is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." *Id.* (citation and internal quotation marks omitted). When evaluating whether dismissal with prejudice is an appropriate sanction, the Court considers the following factors:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations and internal quotation marks omitted). The Tenth Circuit has held that "[a]lthough *Ehrenhaus* involved sanctions for discovery violations . . . 'Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.'" *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994)). "It is within a court's discretion to dismiss a case [with prejudice] if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus*, 965 F.2d at 918. The Court therefore applies these five factors here.

First, the Court finds that defendants have suffered little prejudice by plaintiffs' failure to prosecute this case. Plaintiffs have not even served defendants with the lawsuit, and therefore, this case has not required any response or other action by defendants. While this factor shows little prejudice to defendants, application of the other four factors weighs in favor of dismissing plaintiffs' case.

Second, plaintiffs have interfered with the judicial process.  "The court has an interest in making sure cases have forward progression."  *Johnson v. Hughes*, No. 13-3023-CM, 2014 WL 1870613, at *2 (D. Kan. May 8, 2014).  Plaintiffs filed this case on May 16, 2014, but failed to serve defendants within 120 days as required by Fed. R. Civ. P. 4(m).  Recognizing that plaintiffs were not moving the case forward, Judge Humphreys requested plaintiffs to show cause why the case should not be dismissed with prejudice for lack of prosecution.  Plaintiffs have not responded to Judge Humphreys' Order in any fashion.  This factor weighs in favor of dismissal.

Third, plaintiffs are culpable for their conduct.  Plaintiffs filed this lawsuit and, thus, are responsible for serving defendants with summons and the Complaint.  Plaintiffs failed to serve defendants within the time required by Fed. R. Civ. P. 4(m).  Plaintiffs also have failed to respond to the Court's Notice and Order to Show Cause.  Plaintiffs' counsel was served with this Order by electronic notification.  Yet, they did not respond to the Court's specific directive to show cause in writing, on or before September 26, 2014, why the Court should not dismiss this case with prejudice for lack of prosecution under Fed. R. Civ. P. 41(b).  This factor weighs heavily in favor of dismissal.

Fourth, the Court has warned plaintiffs that dismissal of the action was a likely sanction for noncompliance.  Judge Humphrey's Notice and Order to Show Cause advised plaintiffs that the Court may dismiss the case with prejudice for lack of prosecution under Fed. R. Civ. P. 41(b).  As noted above, plaintiffs' counsel received a copy of this Order, but plaintiffs did not respond.  This factor also weighs in favor of dismissal.

Finally, the Court does not find that a lesser sanction is effective.  Plaintiffs have failed to move their case forward by serving the defendants with the summons and Complaint, and

plaintiffs have ignored the Court's Notice and Order to Show Cause.  Based on plaintiffs'

inaction, the Court is not convinced that a sanction lesser than dismissal would be effective.

Nevertheless, the Court, in its discretion, declines to dismiss the case with prejudice, although it

is authorized to do so under Fed. R. Civ. P. 41(b) and D. Kan. Rule 41.1.  Plaintiffs' counsel's

inattention to this case and their blatant indifference for Judge Humphreys' Notice and Order to

Show Cause concern the Court.  But the Court does not wish to punish plaintiffs by barring their

claims when the failure to prosecute this case results from their counsel's neglect.  Therefore, the

Court dismisses this case, but without prejudice, pursuant to Fed. R. Civ. P. 41(b) and D. Kan.

Rule 41.1.

**IT IS THEREFORE ORDERED** that this case is dismissed without prejudice under

Fed. R. Civ. P. 41(b) and D. Kan. Rule 41.1 because of plaintiffs' failure to prosecute the case.

**Dated this 27th day of October, 2014, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**